[Civ. No. 8300.   Third Dist.   May 18, 1954.]

R. W. DEAN, Respondent, v. JOHN KRAUSE, Appellant.

Blewett, Blewett, Macey & Garretson for Appellant.

Forrest E. Macomber and Gordon J. Aulik for Respondent.

PEEK, J.—This is an appeal by defendant Krause from a judgment in favor of plaintiff Dean arising out of an alleged sale of lumber by plaintiff to defendant.

Plaintiff's complaint alleged four causes of action. The first three were the usual common counts and the fourth alleged a written contract. Defendant's answer denied generally the allegations of the complaint, and as an affirmative defense alleged that defendant had instituted bankruptcy proceedings which were then pending and that the claim was dischargeable in said proceedings.

The record shows that Krause operated a lumber yard in the city of Lodi. During the month of November, 1949, two carloads of lumber were delivered to him by Dean pursuant to an order placed by Krause with one Medock, who in turn had placed the order with Dean. Medock was a dealer in wholesale lumber with whom Krause had done business previously. Medock acted as a commission salesman and buyer for Dean as well as for a number of other lumber companies.

When defendant placed the order with Medock he was told that the lumber might come from any one of the companies represented by Medock. Thereafter on several occasions Medock, according to his testimony, talked to Krause on the phone as well as personally at the lumber yard as to when payment would be made to Dean, but Krause always stalled for time. At no time however did defendant deny his responsibility for the lumber so purchased. Subsequently Krause wrote a letter to Medock wherein he stated in part, ". . . I am trying to put a loan on my yards so I can pay off Dean soon." Krause was adjudicated a bankrupt, subsequently, and his business was transferred to his son. Approximately six months after the delivery of the lumber the son was likewise adjudicated a bankrupt, and in his schedule of debts he listed the amount here in issue as a debt owing by him to Dean.

Upon the evidence so summarized the court found that Krause was indebted to Dean in the amount alleged and that said sum was not a claim discharged in the bankruptcy proceedings of defendant. ▮ The sole contention on appeal is that Dean was not a proper party to the action since the sale, if any, was made by Medock acting in his own capacity and not by Dean.

The record discloses ample evidence to sustain the finding and judgment of the trial court. Not alone was there direct evidence that Medock was acting as agent for Dean, but also there was substantial evidence that Krause recognized Dean as creditor—his conversations with Medock, and his letter to him. Even if it be assumed that at the outset Dean was not the real party in interest, the subsequent conduct of Krause ratified the alleged agreement. (Civ. Code, § 2307.)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.